CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 12 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES R. INGRAM, | CASE NO. 7:14CV00382 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| HAROLD W. CLARK, ET AL., | By: Hon. Glen E. Conrad<br>Chief United States District Judge |
| Respondents. | |

James R. Ingram, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the 2003 judgment of the Circuit Court for the City of Roanoke under which he stands convicted of inanimate object penetration and sentenced to 40 years in prison.[1] The court finds that the petition must be summarily dismissed as successive, pursuant to 28 U.S.C. § 2244(b).[2]

Court records indicate that Ingram previously filed a § 2254 petition concerning the same conviction, Ingram v. Department of Corrections, Case No. 7:05CV00334 (W.D. Va. Oct. 20, 2005). The court construes Ingram's current petition as alleging that the prosecution failed to seize and test the victim's clothing items and a towel purportedly used to clean her after the crime and used scare tactics to coerce Ingram into pleading guilty. The facts necessary for these claims were readily available to Ingram at the time of trial and at the time he filed his prior § 2254 petition, and he fails to point to any defect in the prior § 2254 proceedings. Thus,

---

[1] Petitioner originally filed his action in the United States District Court for the Eastern District of Virginia. He styled his submission as a "Motion for Evidentiary Hearing," but the Eastern District construed and docketed it as a § 2254 petition and transferred the case to this court because Roanoke is located in this district.

[2] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Ingram's current petition is a subsequent one, falling under the prohibition in 28 U.S.C. § 2244(b) against a second or successive petition.

Pursuant to § 2244(b), a federal district court may consider a second or successive § 2254 petition only if petitioner secures specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b)(3). Because Ingram does not demonstrate that he has obtained such certification by the Court of Appeals, the court will dismiss the petition without prejudice as successive. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 12th day of August, 2014.

_____
Chief United States District Judge